HUDSON COUNTY CIRCUIT COURT.

RUBBER AND CELLULOID PRODUCTS COMPANY, A CORPORATION, TRADING AS RUBBERSET COMPANY, PLAINTIFF, v. HERMAN SOBEL, DEFENDANT.

Decided June 9, 1931.

For the plaintiff, *Insley, Vreeland & Deckers.*

For the defendant and *pro se, Joseph M. Schoenberg.*

BROWN, J. The plaintiff obtained a rule directed to the defendant and his attorney to show cause "why they and each of them should not be held in contempt of court for the non-payment of  *  *  *  fees due to an officer of this court."

The question presented for determination arose out of an action at law brought by the plaintiff against the defendant to recover money alleged to be due for the sale of merchandise. The defendant denied the debt and counter-claimed for an amount larger than claimed by the plaintiff. The issues being matters of accounting were referred to a referee who reported in favor of the plaintiff and against the defendant. The accounts being involved and numerous required several days to take the testimony and as a result a stenographer's bill of $122 was incurred and also referee's allow-

ances in the sum of $150. The order of reference provided that the costs of reference would abide the determination of the suit. The referee's report was confirmed and the defendant was ordered to pay the stenographer's and referee's fees. Upon judgment being entered the defendant was adjudged a bankrupt and refused to pay the fees and costs incurred in the hearings before the referee. Upon the argument of the rule to show cause the plaintiff now seeks to hold not only the defendant in contempt of court for the non-payment of the fees in question but also the attorney of the defendant.

The order of reference was entered in accordance with section 157 of the Practice act (3 *Comp. Stat.* 1910, *p.* 4103), which provides:

"The court or justice referring the action shall by the rule make just allowance to the referee for his services to be paid in the manner and by the party in said rule directed."

Section 10, *Pamph. L.* 1911, *ch.* 366, *p.* 761, provides for disbursements to be included in bills of costs, among other things, as follows:

"A party to whom costs are awarded or allowed by law in an action, motion or other proceeding, is entitled to include in his bill of costs his necessary disbursements, as follows:

"The legal fees of witnesses, referees, commissioners and other officers;

"The fees for taking depositions as provided by law;

"Such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law."

On the argument of the rule the reasonableness of the fees of the master and stenographer were not questioned nor is any point made of the fact that they were included as part of the taxed costs. The sole purpose of the rule was to hold the defendant and his attorney in contempt for the non-payment of those fees.

The plaintiff relies chiefly upon Rule No. 205 of the Supreme Court to hold the defendant's attorney of record responsible for the fees. This rule provides:

"The attorney of record in every cause in this court respectively shall be answerable to the officer thereof for all lawful fees."

Under this rule the attorney for a party in a suit is rendered responsible for fees that are commonly known as filing fees and costs incurred with the clerk of the court for the filing of papers by an attorney on behalf of his client and does not include costs of the nature of those in dispute.

Another reason why the attorney for the defendant cannot be held in contempt for the failure of his client to pay the costs referred to is the fact that the attorney has not been ordered by the court to pay the costs and if the attorney were so ordered it is beyond the power of the court to hold him for contempt for the reason that article 1 of the state constitution, paragraph 17, forbids imprisonment of any person for a debt in any action or in any judgment founded on contract except in cases of fraud. This constitutional protection inures to the benefit of an attorney as well as his client.

In the case of *Aspinwall* v. *Aspinwall*, 53 *N. J. Eq.* 684, it was held that where costs are directed to be paid by an interlocutory order, which cannot be enforced by execution, the payment may be compelled by attachment for contempt; but where they are awarded as an incident to the final decree in the cause, their payment can only be enforced by those methods which the law designates for the enforcement of the decree itself. Also, in the case of *Ritter* v. *Kunkle*, 39 *N. J. L.* 618, it was held that where there is an order or rule to pay costs or money, which cannot be enforced by execution, a writ of attachment may issue; but where costs are allowed by an order of the court, as an incident to a common law judgment, the ordinary process of execution must be used for collection.

In the instant case the costs in dispute were allowed as an incident of the judgment obtained and falls clearly within the rule of the cases last cited; consequently, it follows that the rule to show cause should be discharged as against the defendant and his attorney.